UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                        Plaintiff,

                                                                                     <u>DECISION AND ORDER</u>

                                                                                                       07-CR-6124L

          v.

ANTHONY WILLIAMS,

                        Defendant.
_____

      This Court referred all pretrial motions in this two-count indictment to United States Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. § 636(b).  Defendant, Anthony Williams ("Williams"), moved to dismiss the indictment, to suppress statements made at the time of the arrest on April 13, 2007, and to suppress physical evidence (a firearm) seized that day.

      Magistrate Judge Payson held a suppression hearing at which an officer from the Rochester Police Department and two New York State Parole Officers testified.  No witnesses were presented by the defense.

      Magistrate Judge Payson issued a thorough Report and Recommendation recommending denial of the motion to dismiss the indictment and denial of Williams' motions to suppress physical evidence and statements.  (Dkt. #51).  Williams duly filed objections (Dkt. #57) to the Magistrate Judge's Report and Recommendation.

      Magistrate Judge Payson first determined that the initial traffic stop was proper and based on a reasonable suspicion.  The officers had been requested to conduct a traffic stop.  When they

observed the vehicle, they based the stop on the fact that the Ford Expedition automobile had illegal tinted windows. Once the vehicle was stopped, the officer examined the windows and determined that in fact the windows violated New York State Vehicle and Traffic laws.

Before Magistrate Judge Payson and now, Williams contends that the stop was not reasonable because the tinted-window basis was a subterfuge since the officers had intended to stop the vehicle anyway. Such an argument is unavailing though. As Magistrate Judge Payson noted, the United State Supreme Court in *Whren v. United States,* 517 U.S. 806, 810 (1996) established an objective standard for automobile traffic stops such as occurred here. The test is whether it was objectively reasonable to make the stop. The subjective motivation of the officer is not controlling and Magistrate Judge Payson determined that the test is whether a reasonable officer had an objective basis to make the stop. I agree with Magistrate Judge Payson that under that standard, the stop of the Ford Expedition in this case was reasonable.

Williams contends that the statements obtained by the arresting officers when they first approached the vehicle should be suppressed because Williams was not advised of his *Miranda* warnings. The statements at issue are the initial statements made by Williams not statements made later when he was in the patrol car; the Government apparently concedes that those statements should be suppressed for failure to give the *Miranda* warnings.

Magistrate Judge Payson determined that *Miranda* warnings need not have been given to Williams when the officers first approached the vehicle. Magistrate Judge Payson determined that Williams was not "in custody" at the time he was questioned by the officers as to his activities. Magistrate Judge Payson relied on well-established authority that such initial questioning at the time

of a routine traffic stop does not constitute custodial interrogation, requiring *Miranda* warnings. I concur with that decision and the authority relied upon by the Magistrate Judge.

The officers requested consent to search the vehicle and, according to the testimony presented at the suppression hearing, Williams gave that consent. Magistrate Judge Payson summarized the evidence and concluded that Williams' consent was voluntary and that it was not coerced or impermissibly induced. The only testimony before the Magistrate Judge was from the officers who obtained the consent and their testimony was not rebutted or contradicted. I agree that on the record presented, Williams voluntarily consented to the search and, therefore, has no basis now to suppress the items obtained during the course of that search.

Finally, defendant moves to dismiss the indictment on the grounds that the evidence is insufficient to support such an indictment. I agree with Magistrate Judge Payson's Report and Recommendation that the motion must be denied. If the evidence is insufficient at trial, there is a proper remedy available at that time.

CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. #51) of United States Magistrate Judge Marian W. Payson. Defendant's motion to dismiss the indictment is denied and defendant's motion to suppress statements and physical evidence (the firearm) is also denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 2, 2008